**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TOMMIE LYNCH,

                Plaintiff,

      v.

S.A. GODINEZ, et al.,

                Defendants.

No. 1:15-cv-01531

Judge Manish S. Shah

Magistrate Judge Jeffrey T. Gilbert

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants S.A. Godinez, Luke Hartigan, and Gladyse Taylor (collectively, the "Defendants"), by and through their attorney Lisa Madigan, Attorney General for Illinois, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for their Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint, states as follows:

**INTRODUCTION**

Plaintiff Tommie Lynch ("Plaintiff") is an incarcerated individual in the custody of the Illinois Department of Corrections ("IDOC") who currently resides at Lincoln Correctional Center ("Lincoln") in Lincoln, Illinois. (Plaintiff's Complaint, dkt. 9, at 15). Plaintiff filed this action against three IDOC officials alleging that the conditions of his confinement at the IDOC's Northern Reception and Classification Center ("NRC") in Crest Hill, Illinois, violate the U.S. Constitution. (Dkt. 9, at 6-15). Specifically, Plaintiff named former IDOC Director S.A. Godinez, current Acting Director Gladyse Taylor, and former IDOC Chief of Staff Luke Hartigan. In his pleading, Plaintiff complains that for one week at the NRC, he was exposed to birds and "vermin." (Dkt. 9, at ¶¶ 14-21). Plaintiff's complaint should be dismissed for two

reasons. First, Plaintiff's complaint contains no allegations of personal involvement on the part of any of the Defendants. Second, Plaintiff's allegations regarding his conditions of confinement do not rise to the level of a constitutional deprivation.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well pleaded facts and draws all reasonable inferences from those facts in Plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). This "standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court need not draw inferences which are not apparent on the face of the complaint. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## ARGUMENT

### A.     Plaintiff Has Failed To State A Claim Against Defendants.

Plaintiff has failed to plead sufficient personal involvement to state a claim against Defendant Godinez. An individual cannot be held liable under 42 U.S.C. § 1983 unless he or she is personally responsible for an alleged constitutional deprivation. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). Similarly, an individual cannot be personally liable in a Section 1983

case under a theory of *respondeat superior*. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). "[S]ome causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citing *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)).

Plaintiff has not alleged any such personal involvement. Instead, Plaintiff alleges that Defendants violated Plaintiff's rights because they "acted deliberately indifferent" to the conditions at the NRC. (Dkt. 9, at ¶¶ 26-28). However, Plaintiff pleads no facts regarding Defendants' conduct or actual knowledge as it relates to his complaint. Merely naming a defendant in the caption is insufficient to state a cause of action against that party. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Though a warden who manages a facility may be presumed to know of systemic issues within that facility, the same cannot be said for the Defendants named here, as they do not work at the NRC and cannot be expected to know the conditions in every area of every prison in Illinois. *See Jones v. Godinez*, No. 13 C 919, 2013 WL 6780563, *4 (S.D. Ill. Dec. 20, 2013) (Gilbert, J.) (noting that without "factual allegations which suggest that Defendant Godinez had any personal responsibility for the cell conditions or any of the other claims * * * [h]e cannot be held liable merely because he is the Director of the Illinois Department of Corrections."); *Cruz v. Dart*, No. 11 C 00630, 2012 WL 5512275, *4 (N.D. Ill. Nov. 13, 2012) (Dow, J.).

Here, Plaintiff has failed to demonstrate the personal involvement of any of the Defendants. Only a few paragraphs in Plaintiff's complaint mention the Defendants and these allegations are devoid of any facts about their knowledge or personal involvement in the matters in which Plaintiff complains, such as vermin or pest remediation. As such, Plaintiff's allegations are insufficient to put Defendants on notice of what specifically they may have done,

3

individually, to violate Plaintiff's rights, and they do not state a plausible claim for relief.

Therefore, the claims against Defendants should be dismissed.

**B.      Plaintiff's Allegations Regarding His Conditions of Confinement Do Not Rise to the Level of a Constitutional Deprivation.**

When considering a challenge to an inmate's conditions of confinement, the Court looks

to the totality of the conditions. *Rhodes v. Chapman*, 452 U.S. 337, 363 (1981). To state a claim,

the inmate must show that the conditions were objectively serious enough to be considered cruel

and unusual. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Second, the inmate must show that the

defendants acted with deliberate indifference. *Id.* A plaintiff must allege more than a mere

discomfort or inconvenience as a result of confinement. *Caldwell v. Miller*, 790 F.2d 589, 601

(7th Cir. 1986). "Inmates cannot expect the amenities, conveniences and services of a good

hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). "The Eighth Amendment does

not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Farmer*

*v. Brennan*, 511 U.S. 825, 837 (1994).

Here, the complained of conditions, though perhaps uncomfortable, were "at most

temporary and therefore not serious enough to be considered cruel or unusual punishment." *Ware*

*v. Fairman*, 884 F.Supp. 1201, 1207 (N.D. Ill. 1995) (Castillo, J.). These conditions certainly do

not "result in a serious deprivation of basic human needs or the minimal civilized measure of

life's necessities." *Bell v. Wolfish*, 441 U.S. 520, 536 (1979).

Plaintiff complains that for one week at the NRC, he was exposed to birds and "vermin."

(Dkt. 9, at ¶¶ 14-21). This fails to state a claim under the Eighth Amendment. Without

allegations of deliberate or reckless conduct on the part of prison officials, which Plaintiff does

not allege here, this allegation does not amount to a constitutional violation. *See Powell v. Cook*

*County Jail*, 814 F.Supp. 757, 759 (N.D. Ill. 1993); *Bowden v. Fairman*, No. 92 C 7613, 1992

WL 366905, *1 (N.D. Ill. Dec. 2, 1992). Plaintiff's complaint itself admits that "bug spray is sprayed along the walls and outer perimeters of inmate [sic] cell," (Dkt. 9, at ¶ 21), but he complains that this is inadequate. "The Eighth Amendment is not violated when the hygienic conditions in a prison simply do not meet the prisoner's personal standards of cleanliness." *Jordan v. Peters*, No. 95 C 4163, 2000 WL 149256, *4 (N.D. Ill. Feb. 8, 2000) (Pallmeyer, J.) (citation omitted). In short, none of the temporary hardships allegedly suffered by Plaintiff are so objectively serious as to implicate the Eighth Amendment.

Therefore, Plaintiff has failed to state a claim upon which relief may be granted and his complaint should be dismissed.

**WHEREFORE**, Defendants S.A. Godinez, Luke Hartigan, and Gladyse Taylor respectfully request that this Court dismiss Plaintiff's complaint with prejudice, and grant such further relief that the Court finds reasonable and just.

Respectfully submitted,

**LISA MADIGAN**
Attorney General for Illinois

  */s/ Miguel E. Larios*
MIGUEL E. LARIOS
Assistant Attorney General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601-3397
(312) 814-3119
mlarios@atg.state.il.us

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

To:     Tommie Lynch (#K76505)
        Lincoln Correctional Center
        P.O. Box 549
        Lincoln, IL 62656

The undersigned certifies that on July 13, 2015, a copy of the foregoing document was served upon the above individual at the above address via U.S. first class mail, proper postage prepaid.


_/s/ Miguel E. Larios_